UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KEITH O. STODDARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA PUBLIC ) <br> DEFENDER SERVICES, ) <br> ) <br> Defendant. ) | Civil Action No. 07-0549 (RCL) |

MEMORANDUM OPINION

In this action brought under 42 U.S.C. § 1983, plaintiff sues the District of Columbia Public Defender Service ("PDS") for allegedly assigning a "non-lawyer, legal counsel imposter" to represent him during parole revocation proceedings before the United States Parole Commission ("USPC"). Compl. at 1. He seeks $5 million on behalf of himself and unnamed plaintiffs.[1] Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Because under the circumstances presented, PDS is not a state actor subject to liability under § 1983, the Court will grant defendant's motion and dismiss the case.

---

[1] Plaintiff, proceeding *pro se*, purports to bring this action on behalf of himself and others. But, except for under limited circumstances not present here, *pro se* litigants may not represent any one but themselves in federal court. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel. . . ."); *see U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp.2d 10, 15 -16 (D.D.C. 2003) (surveying cases). The Court therefore considers Mr. Stoddard to be the sole party-plaintiff to this action.

Plaintiff alleges that in July and August of 2004, PDS assigned Tracy Hayes to represent him at a probable cause hearing and a parole revocation hearing. He claims that Mr. Hayes introduced himself as an attorney and performed as such, Compl. Attach., Affidavit of Plaintiff Keith O. Stoddard [Dkt. No. 5] ¶¶ 1-2, even though he was not yet admitted to the District of Columbia Bar. *See id*. ¶ 10 ("Tracy Hayes was admitted to the D.C. Bar as a law student August 9, 2004.").[2] Plaintiff therefore contends that he was deprived of his Sixth Amendment right to counsel.[3]

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in the complaint" to support the alleged violation. *Bell Atlantic Corp. v. Twombly*, ___ U.S.___, 127 S.Ct. 1955, 1969 (2007). Section 1983 creates a cause of action against state or District of Columbia officials who, while acting under color of law, deprive individuals of rights protected by the Constitution or federal law. 42 U.S.C. § 1983; *Settles v. U.S. Parole Com'n*, 429 F.3d 1098, 1103-04 (D.C. Cir. 2005).

Because public defenders serve as adversaries to the government, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); accord

---

[2] Contrary to plaintiff's unsubstantiated claim, defendant has provided a printout showing that Mr. Hayes graduated from law school in 2001 and was admitted to the State Bar of Wisconsin on January 28, 2002. Def.'s Mot., Ex.C.

[3] Plaintiff also invokes the Fourteenth Amendment to the Constitution, but that amendment does not apply to the District of Columbia. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

*Burt v. Barry*, 962 F. Supp. 185, 188 (D.D.C. 1997).  In extending the right to representation in parole revocation proceedings, the applicable regulation states that "[o]nly licensed attorneys shall be permitted to question witnesses, make objections, and otherwise provide legal representation for parolees," 28 C.F.R. § 2.103(e), or, in other words, to perform traditional lawyer functions.  PDS rightly asserts, then, that it cannot be held liable under § 1983 for a claim stemming from its representation of an individual in parole revocation proceedings.  Nor may PDS be held liable under § 1983 for the acts of its employees based on a *respondeat superior* theory.  *Int'l Action Ctr. v. U.S.*, 365 F.3d 20, 27 (D.C. Cir. 2004) (citing cases).

  For the foregoing reasons, the Court grants defendant's Rule 12(b)(6) motion to dismiss the federal claim and, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over plaintiff's common law claims of legal malpractice and fraud developed in his opposition brief.  A separate Order accompanies this Memorandum Opinion.

                 _____s/_____
                 Royce C. Lamberth
                 United States District Judge

Date: March 3, 2008